Ronald R. VISOCSKY and Rhonda L. Wyatt, Petitioners,

v.

Shirley S. CHATER, Commissioner of Social Security, Respondent.

No. 95–4017–RDR.

United States District Court, D. Kansas.

Dec. 19, 1995.

Michael Crow, Crow, Clothier & Bates, Leavenworth, KS, for Petitioners.

Melanie D. Caro, Assistant U.S. Attorney, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal under the Social Security Act, 42 U.S.C. § 405(b), requiring the review by this court of a final decision of the Commissioner of the Social Security Administration. In this instance, the decision for review terminated petitioner Ronald Visocsky's disability benefits for a period of time.

■ Petitioner has filed a motion for summary judgment. Such a motion is technically an improper means to challenge administrative decisions under the Social Security Act. See *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 n. 29 (10th Cir.1994). In response to the *Olenhouse* case, the local rules of this court have been changed, albeit after petitioner's motion, to require a petition for review and a brief in support of the petition. See Local Rule 83.7. The court shall decide petitioner's motion as if it were a brief in support of a petition to review the decision of the Commissioner of the Social Security Administration.

■ Our review of this matter is limited to deciding whether the factual findings made to cut off petitioner's benefits are supported by substantial evidence and whether the correct legal standards were applied. *Castellano v. Secretary of Health & Human Ser-*

*vices,* 26 F.3d 1027, 1028 (10th Cir.1994). "Substantial evidence" is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

Many of the facts in this case are undisputed. Petitioner Ronald Visocsky was born in 1943. He has a ninth grade education, but has earned a G.E.D. He received disability benefits from 1974 through the decade of the 1980s. Chronic long-term alcoholism appears to have been the primary cause of his disability, although several other physical problems also have been noted. In 1992, Visocsky received a notice from the Social Security Administration informing him that he no longer qualified for benefits because he had performed substantial gainful activity from January 1988 through June 1988. During this time, Visocsky was a housesitter for Paul Pryor who operated a business, Pryor Dairy. Visocsky administratively appealed the cutoff of his disability benefits and also reapplied for disability benefits. Plaintiff was not successful on his appeal of the cutoff of his disability benefits. This is the decision which is under review by this court. Plaintiff was successful on reapplication and again began receiving disability benefits on or about June 1, 1993.

During the hearing before the Administrative Law Judge (ALJ), petitioner testified that he took the housesitting job in return for free rent and utilities. He stated that Pryor needed a housesitter to keep insurance on the house. The house was a very old farmhouse in a rural area near Spanish Fork, Utah. Petitioner denied doing chores about the house. He said he simply occupied it. Although he admitted endorsing checks from Mr. Pryor, petitioner denied that he ever received any money from the checks. He suggested that the checks were filled out only for insurance purposes.

Two of petitioner's sons, Ronald Jr. and Richard, testified before the ALJ. They stated that they moved out to the house where their father was housesitting in 1988. Their younger brother, Robbie, also joined them. He did not testify before the ALJ. Petitioner's sons denied that petitioner performed or was mentally or physically capable of performing any substantial gainful activity while he was housesitting. They also said they never saw petitioner receive any compensation other than free rent for housesitting. They testified that during this time period, their father continued to suffer serious drinking problems.

Petitioner testified that he decided to stop housesitting so that he could move to California and be with his sister who was having health problems. When he moved, his sons found another place to stay in Spanish Fork.

Petitioner's daughter and ex-wife also testified. Petitioner's daughter stated that her father signed a form that had been filled out by Social Security Administration personnel, but did not intend to admit that he received $4,835.13 from "Priority Dairy" as listed on the form. She stated that she wrote clarifying comments on the form as dictated by petitioner because petitioner's handwriting and eyesight were poor. Petitioner's ex-wife testified that her sons told her petitioner drank an awful lot while he was in Utah. She said they did not indicate that petitioner was working.

Paul Pryor reported to the Social Security Administration that he paid petitioner $4,835.13 in 1988. According to the Social Security Administration, petitioner had the following earnings in other years: $6,391.32 in 1980; $5,768.70 in 1981; $1,468.00 in 1982; $1813.32 in 1985; and $1,511.12 in 1990. See Exhibit C–19. Petitioner denies that he received $906.66 in earnings from one of two employers listed on Exhibit C–19 for 1985. See Exhibit C–20. He also claims that he earned less than was reported for 1990. *Id.*

The ALJ concluded that petitioner performed substantial gainful activity from January 1988 until July 1988 and, therefore, he ceased to be entitled to disability insurance benefits as of January 1988. In drawing this conclusion, the ALJ doubted petitioner's credibility because of his failure to report the above-described earnings and his denial that he received routinely sent social security forms. The ALJ concluded it was unlikely that three employers would file false or exaggerated reports of petitioner's earnings. Finally, the ALJ acknowledged the testimony of petitioner's sons, daughter and ex-wife. But, he concluded that their testimony was

based on statements from petitioner or observations which did not completely prove or disprove whether plaintiff was paid more than $4,835.13 by Paul Pryor for work performed from January 1988 to July 1988. Therefore, the ALJ determined that petitioner did in fact receive earnings of $4,835.13 from January 1988 through June 1988.

 Petitioner does not allege that the ALJ misconstrued the applicable law or regulations. Social Security Administration regulations state that the earnings which petitioner allegedly made in 1988 show that he was engaged in substantial gainful activity. 20 C.F.R. § 404.1574(a)(2)(vi). Petitioner contends that the evidence does not support the conclusion that petitioner actually received the earnings. We believe this is an issue of credibility. The ALJ deserves great deference in deciding such issues. *Fowler v. Bowen,* 876 F.2d 1451, 1455 (10th Cir.1989). The ALJ's determination of credibility was adequately supported by the evidence that Pryor wrote checks to petitioner and that petitioner had failed to report other income which petitioner earned through employment.

Petitioner may rebut the presumption of substantial gainful activity created by the receipt of earnings. See *Dinkel v. Secretary of Health & Human Services,* 910 F.2d 315, 319 (6th Cir.1990). However, the assessment of this proof raises an issue of credibility. We find that the ALJ had sufficient grounds to conclude that petitioner's testimony was not credible and that the testimony of the other witnesses failed to prove that petitioner was not engaged in substantial gainful activity in 1988. There was evidence that petitioner had earned, but failed to report, wages before and after 1988. Moreover, the testimony of petitioner's children and ex-wife does not persuade the court that the Commissioner's decision must be reversed. None of these witnesses lived with petitioner during the entire six-month period in question. Nor did they have direct knowledge of petitioner's agreement with Paul Pryor.

Finally, petitioner argues that he suffered such severe chronic intoxication that he could not have legally consented to an employment contract. We reject this argument initially because the evidence in the record does not establish that petitioner was constantly intoxicated in 1988. Second, the issue before the court is not whether defendant was intoxicated but whether he engaged in substantial gainful activity. His earnings show that he was engaged in substantial gainful activity. Petitioner failed to rebut this showing.

Therefore, the decision of the Commissioner to terminate petitioner's benefits is affirmed.

**IT IS SO ORDERED.**