78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael HILDEBRANT, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-5127.
 United States Court of Appeals, Tenth Circuit.
 March 6, 1996.
 
 ORDER AND JUDGMENT[2]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[3]
 
 
 1
 Michael Hildebrant appeals from an order of the district court affirming the Secretary's decision denying Social Security disability benefits and Supplemental Security Income (SSI). Mr. Hildebrant filed for disability insurance benefits and SSI on August 5, 1991. He alleges disability due to the residual effects of cerebral palsy, an infected foot, depression, and alcohol abuse. His requests were denied initially and on reconsideration. Following a de novo hearing on February 2, 1992, an administrative law judge (ALJ) found that Mr. Hildebrant was not disabled within the meaning of the Social Security Act. The Appeals Council denied his request for review and he filed suit in district court. The district court affirmed the ALJ's decision, and Mr. Hildebrant appealed to this court.
 
 
 2
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989)(quotation omitted).
 
 
 3
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing five-step disability test in detail). When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. Id. at 751.
 
 
 4
 Here, the ALJ found that Mr. Hildebrant could not return to his past relevant work. Reaching step five, he found, however, that Mr. Hildebrant retained the residual functional capacity to perform the full range of medium work, reduced by his inability to carry more than twenty pounds, to use his feet to operate hand and foot controls, to squat, crawl, be exposed to unprotected heights, moving machinery, or extreme contact with the public. He then applied the Medical-Vocational Guidelines, 20 C.F.R. 404, Subpt. P, App. 2, Rule 203.28 (the grids) as a framework, considered testimony from a vocational expert, and concluded that Mr. Hildebrant was not disabled.
 
 
 5
 The district court found that the ALJ's decision that Mr. Hildebrant could perform a wide range of medium work was not supported by substantial evidence. It nevertheless affirmed, finding that there was substantial evidence to support the ALJ's ultimate conclusion that there are other jobs within the national economy which Mr. Hildebrant could perform.
 
 
 6
 Mr. Hildebrant contends that the ALJ's decision is not supported by substantial evidence in two respects. He contests the ALJ's finding that Mr. Hildebrant can perform the full range of medium work. He further challenges the finding that alternative work he can perform exists in substantial numbers in the national economy.[4]
 
 
 7
 We have carefully reviewed the appellate record and agree with the district court that substantial evidence supports the ALJ's conclusion that Mr. Hildebrant is not disabled within the meaning of the Social Security Act. Therefore, for substantially the same reasons set forth in the district court's order entered April 25, 1995, a copy of which is attached to this order and judgment, and the ALJ's decision dated April 30, 1993, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [4]
 Mr. Hildebrant also contends that the ALJ's hypothetical to the vocational expert did not include all of his mental limitations, as identified in the consulting examiner's evaluation of his residual functional capacity. Even were we to consider this argument, which is raised for the first time on appeal, it lacks merit. The ALJ assumed in his hypothetical that Mr. Hildebrant possessed the limitations identified in the evaluation, see Appellant's App. Vol. II at 84, and the vocational expert took these limitations into account in expressing her opinion, id. at 84-85