UNITED STATES COURT OF APPEALS
**Filed 8/23/96**
FOR THE TENTH CIRCUIT

MARILYN DICKERSON,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

     Defendant-Appellee.

No. 95-5277
(D.C. No. 94-C-332-J)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Marilyn Dickerson appeals from an order of the district court affirming the Secretary's decision denying her application for social security disability benefits. Ms. Dickerson filed for disability benefits on December 28, 1988. After an initial denial, hearing before an administrative law judge (ALJ), and denial of review by the Appeals Council, Ms. Dickerson sought review in the district court. The district court remanded to the Secretary, at her request, to consider additional vocational expert testimony and to more thoroughly assess Ms. Dickerson's residual functional capacity. The administrative law judge held a second administrative hearing on September 21, 1992, after which he again denied Ms. Dickerson benefits. The Appeals Council again denied review, and Ms. Dickerson filed suit in district court. The district court affirmed the Secretary's decision, and Ms. Dickerson appealed to this court.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of

Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989)(quotation omitted). The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step disability test). When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. Id. at 751.

Here, the ALJ found that Ms. Dickerson could not perform her past relevant work as a nurses's aide, receptionist, cook, VISTA volunteer, and teacher's aide. Reaching step five, he found, however, that she retained the residual functional capacity to perform the full range of sedentary work, except for occasional lifting of more than fifteen pounds; standing or walking for more than one hour in an eight-hour workday or for more than fifteen minutes without interruption; climbing, stooping, kneeling, balancing, crouching and crawling; working at unprotected heights, working around moving machinery, and working in environments containing temperature extremes. He then applied the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2, Rules 201.28 and

201.29 (the grids) as a framework, considered testimony from a vocational expert, and concluded that Ms. Dickerson was not disabled.

Ms. Dickerson contends that the ALJ's decision is not supported by substantial evidence because he improperly rejected the opinions of her treating physician, and a consulting physician, that she is disabled. She challenges his finding at step three that her impairments did not meet or equal a listed impairment, and contends that he improperly evaluated her complaints of pain.

The medical evidence shows that Ms. Dickerson suffers from chronic neuritis of the right leg with peroneal nerve palsy, status post femur condyle fracture and multiple fractures of her right lower leg secondary to an automobile accident, and severe lower back pain with chronic lumbosacral disease. She contends that her condition "substantially equals" the criteria for one or more of sections 1.05(C), 1.11, and 11.14 in the Listing of Impairments, 20 C.F.R. § 404, subpt. P, App. 1.

A claimant who seeks to show that his impairment is "equivalent" to a listed impairment must present medical findings equal to all the criteria for that impairment. Sullivan v. Zebley, 493 U.S. 521, 531 (1990). The ALJ considered Ms. Dickerson's claim that her condition meets or equals the criteria for Listing 1.05(C),[1] and determined that it did not. We have reviewed the record carefully

_____

[1]

(continued...)

-4-

concerning Ms. Dickerson's allegations of vertebrogenic disorders, and have determined that the ALJ's conclusion, based on the medical evidence, that she does not meet the listing, is supported by substantial evidence.

Nor does Ms. Dickerson's condition satisfy Listing 1.11.[2] Although she did suffer a fracture of her tibia and femur, and there is evidence that she was unable to return to full weight-bearing status, she did have a solid union of her fractures. X-rays taken on August 10, 1989 indicate that a solid union had occurred as of that date. See Appellant's Supp. App., Vol. 1 at 322. Therefore, she fails to meet all relevant criteria for this listing.

---

[1](...continued)
Listing 1.05C states as follows:

C. Other vertebrogenic disorders (e.g. herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

[2] Listing 1.11 states as follows:

Fracture of the femur, tibia, tarsal bone of pelvis with solid union not evident on X-ray and not clinically solid, when such determination is feasible, and return to full weight-bearing status did not occur or is not expected to occur within 12 months of onset.

Ms. Dickerson also claims that her condition meets or equals Listing 11.14. She has failed to show that she raised this issue in the district court. We do not consider issues raised for the first time on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Ms. Dickerson next contends that the ALJ improperly ignored her physicians' opinions that she is disabled. Dr. Muckula, her treating physician, opined on June 18, 1991 that she was "completely and totally disabled within the scope of the Social Security [guidelines]," Appellant's Supp. App., Vol. 2 at 658, and again on April 15, 1992, that it was his medical opinion that Ms. Dickerson "is totally and permanently disabled" within those guidelines, id. at 661. Dr. Cooper, a consulting physician, stated in an examination report dated March 5, 1989, that in his opinion, Ms. Dickerson was "temporarily totally disabled and she should perhaps be examined at a later date to get more definitive information concerning any permanent treatment." Id. at 666.

The Secretary asserts in her brief that the ALJ was free to disregard Dr. Muckula's opinion, because he was not her treating physician. It is clear, however, that Dr. Muckula did treat Ms. Dickerson; in fact, the ALJ himself described Dr. Muckula as her treating physician. Id. at 409. Since Dr. Muckula was Ms. Dickerson's treating physician, the ALJ was required to give great weight to his opinion concerning her disability, and to supply a specific,

-6-

legitimate reason if he chose to reject it. <u>Washington v. Shalala</u>, 37 F.3d 1437, 1440 (10th Cir. 1994).

The ALJ rejected Dr. Muckula's opinion for several reasons. First, he believed that the medical evidence did not support Dr. Muckula's conclusion that Ms. Dickerson met the criteria for sections 1.03A and B and 1.05(C) in the Listing of Impairments, 20 C.F.R. § 404, subpt. P, App. 1. We have already concluded that the ALJ's conclusion that she did not meet Listing 1.05(C) is supported by substantial evidence. Having reviewed the entire record, we conclude that the same also is true with regard to Listings 1.03A and B. Thus, Dr. Muckula's conclusion that Ms. Dickerson is disabled because she meets these listings is not supported by the medical evidence.

The ALJ also rejected Dr. Muckula's opinion concerning Ms. Dickerson's back problems as inconsistent with subsequent x-rays and with Dr. Dandridge's evaluation of the severity of her complaints. Dr. Dandridge, the ALJ noted, is a board-certified orthopedic surgeon, while Dr. Muckula is a family practitioner. <u>See</u> 20 C.F.R. § 404.1527(d)(5) (greater weight given to specialist's opinion in area of his or her specialty). The ALJ permissibly rejected Dr. Muckula's opinion.

Dr. Cooper merely stated that Ms. Dickerson should be considered temporarily totally disabled. He did not state that she was permanently disabled,

-7-

and did not explain the basis of his opinion of disability. The ALJ could properly reject consultant Dr. Cooper's statement in reaching his ultimate conclusion that Ms. Dickerson is not disabled. See 20 C.F.R. § 404.1527(e)(2) (ultimate responsibility for determining disability reserved to Secretary).

Finally, Ms. Dickerson complains that the ALJ improperly evaluated her complaints of pain. We have reviewed the reasons stated in his decision for finding Ms. Dickerson's allegations of pain not credible. The ALJ properly evaluated Ms. Dickerson's allegations of pain using the criteria set forth in Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987), and found them not credible. He took her nonexertional impairments, including pain, into consideration in assessing her residual functional capacity and in formulating hypothetical questions to the vocational expert. The ALJ's decision is supported by substantial evidence.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-8-