UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

MARCIAL SALCIDO,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,*

    .

No. 96-7052
(D.C. No. CIV-95-268-S)
(E.D. Okla.)

## ORDER AND JUDGMENT**

Before PORFILIO, ALARCON,*** and LUCERO, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

\*\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Marcial Salcido appeals from an order of the district court affirming the Secretary's decision denying his application for social security disability benefits and Supplemental Security Income (SSI).[1]  Mr. Salcido filed for disability benefits and SSI on September 28, 1993.  He alleged disability due to a back injury resulting from a fall at work; he later also alleged hip pain and memory problems.  Mr. Salcido's requests were denied initially and on reconsideration.  Following a de novo hearing on June 8, 1994, an administrative law judge (ALJ) determined that he was not disabled within the meaning of the Social Security Act.  The district court affirmed the Secretary's decision, and Mr. Salcido appealed to this court.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied.  Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotation omitted).

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

The Secretary has established a five-step evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step disability test).  When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy.  Id. at 751.

The ALJ determined that Mr. Salcido retained the residual functional capacity (RFC) to perform a full range of sedentary and light work.  He denied benefits at step four, reasoning that Mr. Salcido could return to his past relevant work as a chicken processor.  As an alternative, the ALJ denied benefits at step five, finding that the Secretary had met its burden of showing that there existed occupations in the national economy in sufficient numbers that Mr. Salcido could perform, given his impairment, age, education, work experience, and RFC.

Mr. Salcido raises a single issue.  He contends the ALJ's decision at step four is unsupported by substantial evidence due to his failure to develop the record.  Mr. Salcido, however, fails to challenge the ALJ's determination at step

five, which standing alone presents a sufficient basis for the Secretary's denial of benefits.  See Murrell v. Shalala, 43 F.3d 1388, 1390 (10th Cir. 1994).  We need not address any other issues; Murrell is dispositive.

AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge