104 F.3d 368
 97 CJ C.A.R. 18
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marcial SALCIDO, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration,*
No. 96-7052.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1996.
 
 Before PORFILIO, ALARCON,*** and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT**
 LUCERO, Circuit Judge.
 
 
 1
 Marcial Salcido appeals from an order of the district court affirming the Secretary's decision denying his application for social security disability benefits and Supplemental Security Income (SSI).[1] Mr. Salcido filed for disability benefits and SSI on September 28, 1993. He alleged disability due to a back injury resulting from a fall at work; he later also alleged hip pain and memory problems. Mr. Salcido's requests were denied initially and on reconsideration. Following a de novo hearing on June 8, 1994, an administrative law judge (ALJ) determined that he was not disabled within the meaning of the Social Security Act. The district court affirmed the Secretary's decision, and Mr. Salcido appealed to this court.
 
 
 2
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989) (quotation omitted).
 
 
 3
 The Secretary has established a five-step evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (discussing five-step disability test). When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. Id. at 751.
 
 
 4
 The ALJ determined that Mr. Salcido retained the residual functional capacity (RFC) to perform a full range of sedentary and light work. He denied benefits at step four, reasoning that Mr. Salcido could return to his past relevant work as a chicken processor. As an alternative, the ALJ denied benefits at step five, finding that the Secretary had met its burden of showing that there existed occupations in the national economy in sufficient numbers that Mr. Salcido could perform, given his impairment, age, education, work experience, and RFC.
 
 
 5
 Mr. Salcido raises a single issue. He contends the ALJ's decision at step four is unsupported by substantial evidence due to his failure to develop the record. Mr. Salcido, however, fails to challenge the ALJ's determination at step five, which standing alone presents a sufficient basis for the Secretary's denial of benefits. See Murrell v. Shalala, 43 F.3d 1388, 1390 (10th Cir.1994). We need not address any other issues; Murrell is dispositive.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision
 
 
 ***
 Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument