991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harry CLIFFORD, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-2029.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 1
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WESLEY E. BROWN, Senior District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff-appellant Harry Clifford appeals the district court's affirmance of a final decision of the Secretary of Health and Human Services (Secretary) denying Clifford's request for waiver of recovery of an overpayment, and its decision that the government pension offset provision of the Social Security Act is constitutional. Because there is substantial evidence to support the Secretary's determination, and because the pension offset statute does not impermissibly discriminate against government pensioners, we affirm.
 
 
 6
 In spring 1983, Clifford and his wife applied for retirement insurance benefits and spousal insurance benefits. The second page of the application for spousal benefits included a statement in which the applicant agreed to promptly notify the Social Security Administration (SSA) if he or she began to receive a government pension or annuity. Moreover, in a separate government pension questionnaire, directly above the signature block, the following statement was included:
 
 
 7
 IMPORTANT INFORMATION--PLEASE READ THE FOLLOWING CAREFULLY AND THEN SIGN BELOW.
 
 
 8
 I agree to promptly report to the Social Security Administration if the amount of my present pension or annuity changes. I understand that my pension or annuity may affect my Social Security benefits and that failure to report such pension or annuity may result in an overpayment which I may have to pay back.
 
 
 9
 R.Vol. II, p. 119. Clifford signed both forms. In June 1983, he received a letter informing him that he was ineligible to receive benefits because his current salary was too high.
 
 
 10
 In January 1988, when Clifford turned seventy, he received a social security benefit check. Believing that a mistake had been made, Clifford called the SSA and informed them that he was still working and earning a salary. The SSA informed him that he was entitled to the benefit payment even if still working because he had reached age seventy. Clifford continued to work for several more months, and then retired and began receiving a federal annuity in the amount of $2,066.73 per month. He did not notify the SSA of this change.
 
 
 11
 In November 1988, Clifford was informed that he had been paid $1,086.40 too much in benefits and that he was required to refund the overpayment. Clifford requested waiver of the overpayment pursuant to 42 U.S.C. § 404(b). After a hearing, an administrative law judge (ALJ) determined that Clifford was not "without fault" because he failed to furnish information which he should have known to be material and because he accepted payment which he could have been expected to know was incorrect. See 20 C.F.R. § 404.507(b) and (c). Based on the information provided in the application forms, the ALJ found that Clifford "did not apply the high standard of care" required of him. R.Vol. II, p. 15. The Appeals Council denied review, and Clifford sought judicial review in the United States District Court for the District of New Mexico.
 
 
 12
 The district court first determined that the government pension offset did not violate the Equal Protection Clause of the Fifth Amendment to the United States Constitution. The court then affirmed the secretary's decision that Clifford was not "without fault" in causing the overpayment, finding substantial evidence to support the ALJ's factual determination. This appeal followed.
 
 
 13
 Whether the statute violates the Equal Protection Clause is a question of law that we review de novo. Oklahoma Educ. Ass'n v. Alcoholic Beverage Laws Enforcement Comm'n, 889 F.2d 929, 932 (10th Cir.1989). We review the final decision of the Secretary, however, only to determine whether it is supported by substantial evidence. Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989).
 
 
 14
 I. Equal Protection.
 
 
 15
 The United States Constitution generally provides that all persons similarly situated should be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); Edwards v. Valdez, 789 F.2d 1477, 1482 (10th Cir.1986). When a challenged statute does not involve a suspect class, affect a fundamental right, and is not based on gender or legitimacy, the "rational basis" test is used to determine whether the statute violates the constitutional guarantee of equal protection. Edwards, 789 F.2d at 1482-83. This test requires the court to determine whether the classification created by the statute is rationally related to a legitimate governmental interest. Id. at 1483. The legislation is presumed to be valid and will be sustained if any ground can be conceived to justify it. Clements v. Fashing, 457 U.S. 957, 963 (1982). This is especially true when social or economic legislation is at issue. City of Cleburne, 473 U.S. at 440; see also Bowen v. Owens, 476 U.S. 340, 345 (1986).
 
 
 16
 42 U.S.C. § 402(c) provides, in pertinent part, that a husband who is not entitled to old age insurance benefits based on his own employment may receive "husband's insurance benefits" based on the earning record of his spouse. If the husband is receiving a government pension, however, his husband's insurance benefits are reduced by an amount equaling two-thirds of the pension. 42 U.S.C. § 402(c)(2)(A).[1] Clifford contends that this offset provision unlawfully discriminates against government pensioners, violating the Equal Protection Clause of the United States Constitution.
 
 
 17
 Clifford's allegation of impermissible discrimination must fail for two reasons. First, in regard to the social security system, governmental pensioners who have not contributed to the social security fund are not "similarly situated" to private pensioners who have paid taxes for many years to the fund. Second, even if all pensioners are similarly situated, there is a rational basis for requiring that a government pension be offset against husband's benefits.
 
 
 18
 The social security system is a program of social insurance whereby "[c]overed employees and their employers pay taxes into a fund administered distinct from the general federal revenues to purchase protection against the economic consequences of old age, disability, and death." Califano v. Goldfarb, 430 U.S. 199, 208 (1977). Self-employed persons also contribute to the social security fund and are eligible for benefits. See, e.g., 20 C.F.R. §§ 404.1080 through 404.1096. All employees in the private sector are required to make these contributions. See generally 26 U.S.C. §§ 3101, 3111, and 3121.
 
 
 19
 In contrast, most retiring government employees have not paid any taxes to the social security fund and are not eligible to receive old age insurance benefits.[2] Id. Rather, such employees participate in separate retirement systems and receive monthly periodic benefits through the other systems. See 20 C.F.R. §§ 404.1018(a) and 404.1018a; see also 5 U.S.C. § 8348 (Civil Service Retirement & Disability Fund). Because private pensioners have paid social security taxes whereas nonelecting government pensioners have not, these classes are not similarly situated, and the Equal Protection Clause does not prevent Congress from granting different levels of benefits to each. Cf. Lehr v. Robertson, 463 U.S. 248, 267-68 (1983) (when parents not similarly situated, Equal Protection Clause does not prevent state from affording them different legal rights).
 
 
 20
 Even if we assume that all pensioners are similarly situated, requiring that husband's insurance benefits be offset by a governmental pension is rationally related to a legitimate goal of protecting the fiscal integrity of the social security fund. A brief history of the husband's insurance benefits provision is necessary.
 
 
 21
 Spousal benefits were created to insure that a wage earner's dependent spouse would not be impacted adversely when the wage earner retired. Goldfarb, 430 U.S. at 213. Prior to 1977, this goal was accomplished through the use of an impermissible gender-based presumption. Whereas husbands had to establish reliance on their wives for more than one-half of their support, wives were presumed dependent and were automatically entitled to spousal benefits. See Heckler v. Mathews, 465 U.S. 728, 731 (1984). The Supreme Court struck down this gender-based classification in 1977. Goldfarb, 430 U.S. 199.
 
 
 22
 As a result, Congress made widespread revisions to the Social Security Act. See Mathews, 465 U.S. at 731-34. To protect dependent spouses, benefits were made available to all spouses not entitled to old age benefits based on their own wages, and to those spouses whose covered earnings were less than half of their spouse's earnings. See 42 U.S.C. §§ 402(b)(1) and 402(c)(1). While this formula provided benefits to those who formerly would have been able to establish dependency, it also incorporated a large group of retired or retiring government employees who, although not eligible for old age benefits, were entitled to government retirement benefits in the form of a pension or annuity. Mathews, 465 U.S. at 732. Congress estimated that payment of unreduced spousal benefits to such individuals could cost the system approximately $190 million in 1979. Id. (citing S.Rep. No. 95-572, pp. 27-28 (1977)).
 
 
 23
 To "avoid this fiscal drain," Congress required that spousal benefits be reduced by a portion of the retired government employee's pension. Id. We have held that preserving the fiscal integrity of a social welfare program is a legitimate governmental concern. Edwards, 789 F.2d at 1483. Selecting governmental pensioners for an offset is rationally related to achieving this goal. Governmental pensioners have neither contributed to the fund nor will be left destitute if not afforded spousal benefits. Thus, there are plausible reasons for selecting these pensioners for the offset, and judicial intervention is unwarranted. See id.; see also Miller v. Department of Health & Human Servs., 517 F.Supp. 1192, 1195 (E.D.N.Y.1981) (pension offset to spousal benefits does not violate Equal Protection Clause because "the provision as enacted is rationally related to the legitimate legislative desire to restrict the limited federal resources available where governmental pension and Social Security insurance benefits serve a common purpose").
 
 
 24
 II. Substantial Evidence.
 
 
 25
 Clifford also contends that the evidence did not support the ALJ's finding that Clifford was not "without fault" in causing the overpayment of benefits. Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 26
 To be eligible for waiver of an overpayment, a recipient must establish that he took every precaution to ascertain his rights and responsibilities. 20 C.F.R. § 404.511(a) provides that
 
 
 27
 [a]n individual will not be without fault if the Administration has evidence in its possession which shows ... [a] failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check.
 
 
 28
 Here, there was evidence that Clifford failed to report commencement of his pension despite agreeing to do so in at least two social security forms bearing his signature. This evidence, in itself, is sufficient to demonstrate a failure to exercise the requisite "high degree of care." We hold that there is substantial evidence to support the Secretary's determination that Clifford was not "without fault" in accepting the overpayment of husband's benefits.[3]
 
 
 29
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The pension is not offset if, prior to December 31, 1987, the government employee elected to participate in a retirement program through which he was required to pay social security taxes. 42 U.S.C. § 402(c)(2)(A). Because Clifford did not make such an election, this exception to the pension offset is not relevant
 
 
 [2]
 Until recently, federal employees did not participate in the social security insurance program unless they elected to do so. See 26 U.S.C. § 3121(b)(5). Recently hired federal employees automatically pay social security taxes and will be eligible for social security benefits. State employees remain exempt from the social security requirements unless the State has chosen to participate in the insurance program. See 26 U.S.C. § 3121(b)(7). The government pension offset distinguishes between government pensioners who elected to pay social security taxes and those who did not
 
 
 [3]
 Clifford also attempts to argue that his annuity is "earned compensation," not subject to the pension offset, citing Davis v. Michigan Dep't of Treasury, 489 U.S. 803 (1989). This argument, however, was never presented to the district court, and therefore has been waived on appeal. See, e.g., Davis v. Secretary of Health & Human Servs., 915 F.2d 186, 189 (6th Cir.1990); Evangelista v. Secretary of Health & Human Servs., 826 F.2d 136, 144 (1st Cir.1987)