**Bettie Jean ROBINSON, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 93–1235.

United States District Court, District of Columbia.

Sept. 29, 1994.

Brenda Carol Wagner, Wagner & Lewis, Washington, DC, for plaintiff.

Claire M. Whitaker, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on cross-motions for summary judgment. Plaintiff, Bettie Jean Robinson, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Secretary of Health and Human Services denying her claim for Supplemental Security Income (SSI). In the alternative, Plaintiff seeks to have the case remanded for further proceedings in light of her alleged deteriorating medical condition. Defendant moves the Court pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure to affirm the decision of the Secretary.

## PROCEDURAL BACKGROUND

Plaintiff filed her claim for SSI on November 30, 1990, contending that she had been disabled since January 1, 1990 with hypertension, spastic colon syndrome and rheumatoid arthritis. (R. 57) SSA Disability Determinations rendered on April 25, 1991 and October 10, 1991 found that plaintiff did not qualify for SSI. Plaintiff appealed these decisions to an administrative law judge (ALJ) who likewise determined on October 30, 1992 that plaintiff was ineligible. On January 5, 1993, Plaintiff submitted her Request for Review of the ALJ's decision to the Appeals Council, Office of Hearings and Appeals, SSA. When the Appeals Council declined the request for review on March 17, 1993, the ALJ's decision became the final decision of the Secretary. This action followed.

## SCOPE OF REVIEW

■ Judicial review of the Secretary's decision is not *de novo,* but rather is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The Court's role is not to reweigh the evidence and "replace the Secretary's judgment concerning the weight and validity of the evidence with its own." *Davis v. Heckler,* 566 F.Supp. 1193, 1195 (D.D.C.1983).

## LEGAL STANDARDS (RULES AND REGULATIONS)

The Act and its implementing regulations are very specific regarding the evaluative process to be applied by the Secretary in determining entitlement to SSI benefits. The first step of five in the evaluative process is to determine whether the claimant is engaged in "substantial gainful employment." 20 C.F.R. § 416.920(b). If the answer is yes, the inquiry is satisfied. 42 U.S.C. § 1382c(a)(3)(D); *see also, Fowler v. Bowen,* 876 F.2d 1451, 1453.

According to the regulations promulgated by the Secretary pursuant to the Act, work activity which involves "significant physical or mental activities" and that is done for "pay or profit" is substantial gainful employment. 20 C.F.R. §§ 416.972(a) and (b). Even more specific guidelines indicate the presumptions that the Secretary can apply based on the salary earned by the claimant. However, if the claimant earns between $300 and $500 per month, as is the case here, then no presumptions apply and the Secretary considers a host of factors, such as whether the claimant's work is comparable to that of unimpaired people doing a similar job.

## ANALYSIS AND DECISION

■ The decision of the Secretary was supported by substantial evidence. The record indicates that Plaintiff, who was 45 years old when she filed her claim, had been em-

ployed as an office cleaner for three years and was still currently employed during her hearing. (R. 30, 35) She worked 20 hours a week and earned approximately $400 per month. (R. 68) Her responsibilities included emptying the trash cans, dusting offices and occasional sweeping. (R. 31–32.) The record also indicates that Plaintiff's work was substantially comparable to that of unimpaired persons doing a similar job. (R. 34–35) Based on this record, the Court finds that a reasonable mind could have concluded that the Plaintiff was engaged in substantial gainful employment.

■ Even though the Secretary's decision is supported by substantial evidence, Plaintiff has made a proper showing that there is recent medical evidence that her condition is deteriorating. (See Plaintiff's Exhibit B). Obviously, such evidence could not have been presented during the original claims process. This additional evidence is pertinent to the question of Plaintiff's ultimate eligibility for SSI. Accordingly, the Court will remand the case to the Secretary for further proceedings as requested by Plaintiff pursuant to 42 U.S.C. § 405(g).[1] Rather than have Plaintiff go through the lengthy and time consuming process of filing a new claim, the Court recognizes that it will be more expeditious to handle this case by remand.[2]

---

1. Pursuant to 42 U.S.C. § 405(g), the Court may "at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

2. Although this case is being remanded to the Secretary to consider recent changes in the Plaintiff's medical condition, Plaintiff is not to be deemed the prevailing party. The remand is at the request of the Plaintiff and is for the accommodation of the Plaintiff.