**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JAMES E. SMITH,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-7079
(D.C. No. CV-96-139-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

      James E. Smith appeals from an order of the district court affirming the

Commissioner's decision denying his application for supplemental security

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

income (SSI) and social security disability benefits. Mr. Smith filed for disability and SSI benefits on September 29, 1991. He alleged disability based on back problems and a left leg significantly shorter than his right leg. His applications were denied initially and on reconsideration.

Following a de novo hearing on May 7, 1993, an administrative law judge (ALJ) determined that Mr. Smith was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner has established a five-step evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step disability test). The claimant bears the burden of proving his disability. See id. at 751. Once he has shown, however, that he cannot return

to his past relevant work, the burden shifts to the Commissioner at step five to prove that the claimant retains the residual functional capacity (RFC) to perform other work that exists within the national economy. See id.

The ALJ determined that Mr. Smith could not return to his past relevant work. He concluded, however, that Mr. Smith retained sufficient RFC to perform sedentary or light work which would allow him to sit or stand alternately throughout the work day, which would require only infrequent bending, squatting, crawling, and climbing and which would not require exposure to unprotected heights, moving machinery, or driving. The ALJ applied the Medical-Vocational Guidelines 20 C.F.R. pt. 404, Subpt. P, App. 2 (the grids) as a framework, considered testimony from a vocational expert, and concluded that Mr. Smith was not disabled within the meaning of the Social Security Act.

In this appeal, Mr. Smith takes issue with the ALJ's analysis of the credibility of his complaint of disabling pain. Mr. Smith testified to constant back and leg pain, only partially relieved by medication, which prevents him from sitting still long enough to perform any type of work, and from walking for any distance without a limp and without the assistance of a cane. The ALJ concluded that while Mr. Smith does experience moderate back pain, his pain is not so intense or severe as to prevent him from working.

Our cases set out a three-step inquiry concerning a claimant's allegation of disabling pain. Once a claimant has established the existence of a pain-producing impairment, the ALJ must determine whether a loose nexus exists between the proven impairment and the claimant's subjective complaint. See Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). If the ALJ finds that these two criteria are met, as it appears that he did in this case, he must then review all of the evidence, including the claimant's subjective account of the severity of his pain, to determine whether the pain is disabling. See id. In assessing the credibility of the claimant's subjective allegation of pain, the ALJ must consider such factors as

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); see also Luna, 834 F.2d at 165-66.

The ALJ has the duty to make adequate findings concerning his credibility determination. It is not enough to merely recite the relevant factors in his decision, followed by a conclusion. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). He must explain "why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."

-4-

Id. Moreover, he may not rely on factors unsupported by the record; he must consider all relevant factors which are supported by the record. See Winfrey v. Chater, 92 F.3d 1017, 1020-21 (10th Cir. 1996).

The ALJ here provided some specific reasons for discounting Mr. Smith's credibility. He stated he was

> convinced that the claimant exaggerates the severity of his condition. The claimant testified that he lies down for 3 to 4 hours a day, however, his hands and fingernails were dirty and he was a well tanned individual. A psychological evaluation performed in 1988, revealed the claimant tended to somatize (Exhibit 29). Moreover . . . the claimant testified at the hearing that he requires the use of a cane everywhere he walks. However, he was contacted by the Oklahoma State Agency in July 1990, at which time he professed to use a cane for walking only if he was on his feet for a long period of time. At that time the claimant stated that he was walking about two blocks a day for exercise and visited relatives on a daily basis. At the time the claimant stated his hobby was fishing and that he went several times a month.

Appellant's App. Vol. II at 35.

At least two of the ALJ's stated reasons are unsupported by the record. First, the mere fact that Mr. Smith's pain has a somatic component does not justify a finding that his complaint of pain is not credible. See Easter v. Bowen, 867 F.2d 1128, 1129-30 (8th Cir. 1989) (holding somatic contributions to pain may be disabling in themselves). The ALJ was required to consider "the possibility that psychological disorders combine with physical problems" in

-5-

producing the claimant's pain. Luna, 834 F.2d at 166. There is no indication that he did so.

Second, the medical evidence shows that Mr. Smith's condition had worsened considerably between the time of his application and the time of the hearing. The ALJ did not explain why he rejected the obvious inference to be drawn from this evidence--that Mr. Smith needed a cane more frequently by the time of the hearing because his condition had worsened--in favor of his conclusion that Mr. Smith was only pretending to need the cane more frequently.

More serious is the ALJ's failure to make specific analytical findings concerning a number of factors which find support in the record. Although he included a rote recitation of some of the criteria stated in 20 C.F.R. § 404.1529 and § 416.929, see Appellant's App. Vol. II at 36, he did not follow this recital with any specific analysis, and did not indicate what specific evidence he considered relating to these factors to reach his conclusion. See Kepler, 68 F.3d at 391 (requiring findings concerning specific evidence relating to factors considered).

As in Kepler, there is "evidence that could be viewed as supporting claimant's contention" that Mr. Smith suffers from disabling pain, 68 F.3d at 391: he has consistently sought medical treatment, including two back surgeries; he takes pain medication on a frequent basis; and the evidence indicates that even

after the surgeries he may still be suffering from severe degeneration of his spine. The ALJ's rather superficial pain analysis does not include specific findings addressing these factors. We must therefore remand for the ALJ to reconsider his pain analysis and to make specific findings, in accordance with the pertinent criteria identified in the regulations and our cases, concerning Mr. Smith's claim of disabling pain.

Mr. Smith further complains that the ALJ failed to accord proper weight to the opinion of his treating physician, Dr. Hinkle, concerning the severity of his pain. The Commissioner argues that Dr. Hinkle was <u>not</u> a treating physician. Although Dr. Hinkle's reports mostly describe examinations of Mr. Smith, rather than treatment, he did administer steroid injections and prescribe medications for him. <u>See</u> Appellant's App. Vol. II at 357, 387. On remand, the ALJ should determine the nature of the physician-patient relationship between Dr. Hinkle and Mr. Smith, and accord the doctor's opinions concerning the disabling nature of the claimant's pain their appropriate weight. <u>See</u> 20 C.F.R. §§ 404.1527, 416.927.

On remand, the ALJ should also consider the additional medical records which Mr. Smith submitted to the Appeals Council, <u>see</u> <u>O'Dell v. Shalala</u>, 44 F.3d 855, 859 (10th Cir. 1994), and should obtain and consider any records from Dr. Hendricks, not previously made part of the record, which may bear upon this

issue. Because there is a separate basis for remand, we need not decide whether the Appeals Council's failure to supplement the record with Dr. Hendricks's records would, standing alone, constitute reversible error, particularly in light of Mr. Smith's previous counsel's representations that he would furnish those records to the Appeals Council and his subsequent apparent failure to do so.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and REMANDED for further proceedings in accordance herewith.

Entered for the Court

Carlos F. Lucero
Circuit Judge