**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUSAN GOODWIN,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 98-2032
(D.C. No. CIV-96-1748)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Susan Goodwin appeals from an order of the district court affirming the Commissioner's decision denying her application for Supplemental Security Income (SSI) and social security disability benefits. Ms. Goodwin filed for disability and SSI benefits on December 15, 1993. She alleged disability based on back problems, back and neck pain, parasthesias involving her extremities, and impairment of her right hand. The agency denied her applications initially and on reconsideration.

Ms. Goodwin received a de novo hearing on November 22, 1994, before an administrative law judge (ALJ). The ALJ determined that Ms. Goodwin could not return to her past relevant work but that she retained the residual functional capacity (RFC) to perform the full range of sedentary work. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rules 201.18, 201.21 (the grids), he concluded that she was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

Ms. Goodwin thereafter filed a complaint in the district court seeking review of the Commissioner's decision. A magistrate judge recommended that her complaint be dismissed. The district court, after reviewing the magistrate judge's recommendations and her objections thereto, adopted the magistrate judge's recommendations and dismissed her complaint.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

Ms. Goodwin contends that the ALJ's finding that she can perform the full range of sedentary work is not supported by substantial evidence. We agree. To be considered capable of performing the full range of sedentary work, a claimant "must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals." SSR 96-9p, 1996 WL 374185, at *6 (emphasis added).

The record contains no medical evidence that Ms. Goodwin can sit for two hours at a time. A physical therapist concluded that she could sit for only one hour at a time. He noted that while she sat for a total of sixty minutes, she stood up after thirty-five minutes, placed both hands on her lower back, and started crying. Dr. Deming, a consultant, estimated that Ms. Goodwin could sit without interruption for forty-five minutes to one hour, but only on a good day.

-3-

Where an individual is unable to sit for two hours at a time, she may still be able to perform work at the sedentary level, if her job allows her to alternate sitting and standing or walking. See id., at *7. In such cases, the ALJ should consult a vocational expert to determine whether there are jobs which the individual is capable of performing with a sit/stand restriction. See id. Where the claimant requires a sit/stand option, it is inappropriate for the ALJ to rely on the grids, and he must consult a vocational expert. See Ragland v. Shalala, 992 F.2d 1056, 1059 n.4 (10th Cir. 1993). The ALJ relied on the grids in this case, and did not consult a vocational expert. We must therefore reverse and remand for further proceedings.

Ms. Goodwin raises the following, additional issues: (1) whether the district court erred in upholding the ALJ's assessment of her credibility based on her failure to seek significant ongoing medical treatment; (2) whether the district court erred in upholding the ALJ's reliance on her vocational rehabilitation goals; and (3) whether the district court erred in upholding the ALJ's failure to consider her nonexertional limitations. The first two of these issues lack merit. On remand, however, the ALJ should take into account any nonexertional limitations posed by Ms. Goodwin's complaints of headaches and difficulty in using her hands, to the extent such limitations are supported by the evidence.

The judgment of the United States District Court for the District of New Mexico is REVERSED, and this case is REMANDED with instructions to further remand to the Commissioner for additional proceedings in accordance with this order and judgment.

Entered for the Court

John C. Porfilio
Circuit Judge