**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEBORAH BUSTAMANTE,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant - Appellee.

No. 02-2044
D.C. No. CIV-00-274 JP/JHG
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Deborah Bustamante appeals from an order of the district court affirming the Commissioner's decision denying her application for Social Security disability and Supplemental Security Income benefits (SSI). Ms. Bustamante alleges disability based on back problems requiring five previous back surgeries, together with hip and buttock pain. The agency denied her applications initially and on reconsideration.

Ms. Bustamante received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that appellant retained the residual functional capacity (RFC) to perform her past relevant work as an accounting clerk. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d

748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 n.2. The ALJ denied Ms. Bustamante's claim at step four, finding that she could return to her past relevant work.

On appeal, Ms. Bustamante raises three issues. She contends that her back problems are sufficiently severe to meet the listing for vertebrogenic disorders. She argues that the ALJ improperly rejected her complaint of disabling pain as not credible. Finally, she contends that the ALJ's finding that she could perform her past relevant work lacks substantial evidence in the record.

Upon careful consideration of the record and applicable law under the above-described standards, Ms. Bustamante fails to show error requiring reversal. The judgment of the United States District Court for the District of New Mexico is therefore AFFIRMED for substantially the same reasons articulated in the magistrate judge's report and recommendation dated November 30, 2001, and adopted by the district court.

Entered for the Court


Stephanie K. Seymour
Circuit Judge