**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LORETTA RAMSEY,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

       Defendant-Appellee.

No.  03-5194
(D.C. No. CV-03-95-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and  **KANE** ,** Senior
District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Loretta Ramsey appeals from an order of the district court affirming the Commissioner's decision denying her application for Supplemental Security Income benefits (SSI).  Appellant filed for these benefits on August 4, 2000.  She has alleged disability based on headaches, back and neck pain, migraines and nausea, vomiting, visual and hearing disturbances, problems with her arms, shoulders, feet, hands and fingers, shortness of breath, and stomach problems.  The agency denied her applications initially and on reconsideration.

Appellant received a de novo hearing before an administrative law judge (ALJ).  The ALJ determined that appellant retained the residual functional capacity (RFC) to perform work at the light exertional level, reduced by her inability to bend, climb, stoop, squat, kneel, crouch and/or crawl, and twist or nod her head more than occasionally; her slight limitation on fingering, feeling, and gripping; her inability to reach overhead; her limitation to simple, routine and repetitive tasks; and her slight limitation in contact with the general public, coworkers, and supervisors.  Although the ALJ found that appellant could not return to her past relevant work as a licensed practical nurse, telemarketer, clerk/cashier, or warehouse worker, he concluded that there were a significant

number of other jobs which she could perform in the national or regional economy. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, table No. 2, rule 202.21 (the grids) as a framework, the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to

perform work in the national economy, given her age, education and work experience. *See id.* at 751.

On appeal, appellant raises two issues. She contends that the ALJ erred in assessing her RFC. She also argues that he erred at step five by failing to provide a full discussion of her employability.

Most of appellant's contentions on appeal involve the ALJ's assessment of her digestive problems arising from a 1989 gastric bypass operation she underwent for obesity. Appellant contends that the operation caused her to suffer from chronic problems with diarrhea. She testified that she has "Dumping Syndrome," which means that "[e]verything I eat and drink goes straight through me real fast, painfully." Aplt. App. at 48. Appellant stated that she needs to have access to a bathroom within fifteen minutes of the time that she eats. *Id.* at 60. She gave no indication, however, concerning the daily frequency of her bouts of diarrhea.

The medical evidence contains reports of occasional abdominal pain with gas and bloating, lactose intolerance, and chronic diarrhea. *Id.* at 164, 219, 277, 287. Although the record mentions appellant's "Dumping Syndrome," *see id.* at 244, we have found no indication in the medical evidence concerning the frequency or severity of the diarrhea problem. Nor does appellant point to such evidence in her brief.

In a hypothetical question he posed to the vocational expert (VE) at the hearing, the ALJ stated "there should be easy access to restrooms. By that I mean there should be one on the premises and she should be able to use it." *Id.* at 69. The VE testified that appellant could do a substantial number of jobs even if she were limited to those that had easy access to a restroom. *Id.* at 69-71. On further examination of the VE, appellant's attorney refined the hypothetical by asking the VE to assume that appellant would require "the ability to obtain immediate access to a restroom as needed when needed." *Id.* at 72. The VE indicated that if appellant required more than two unscheduled restroom breaks per day, over a thirty day period, that would affect her ability to do the jobs he had identified. *Id.* at 72-73.

In the body of his decision, the ALJ opined that appellant's RFC "includes special accommodations such as easy access to a restroom, in light of [her] gastrointestinal problems." *Id.* at 20. He did not mention this limitation again in the findings section of his decision, however, where he again set forth her RFC. *See id.* at 22.

In her first claim of error, appellant contends that this failure to carry over the bathroom restriction to the findings section of the ALJ's decision resulted in a fatal contradiction in the ALJ's assessment of her RFC and constitutes reversible error as a matter of law. We disagree. That omission was harmless in light of the

subsidiary finding concerning access to a bathroom in the body of the ALJ's decision. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993) (refusing to remand where technical omission in ALJ's decision-making process "if error, was minor enough not to undermine confidence in the determination of this case").

Appellant next contends that the ALJ erred in failing to include a definition of "easy access to a restroom" in his decision. She argues that the lack of a specific definition of "easy access" deprives this court of a sufficient articulation to review the ALJ's reasoning. She further argues that this lack of specificity is not cured by the explanation the ALJ gave at the hearing, that "there should be [a restroom] on the premises and she should be able to use it." Aplt. App. at 69. Appellant fails to show that she raised this issue to the district court.

In any event, we discern no reversible error here. Although it would have been preferable for the ALJ to have incorporated the definition of "easy access" discussed at the hearing into his decision, we will treat the definition contained in the hearing transcript as supplementing the ALJ's decision, as it is consistent with and supports the reasoning applied by the ALJ. There is no indication in the ALJ's decision that he accepted a limitation requiring *frequent* access to a restroom. Nor does the medical record or the testimony at the hearing compel a finding that appellant needs frequent, as opposed to immediate or urgent,

restroom breaks.[1]  We discern no reversible error presented in the ALJ's discussion of this issue.

Finally, appellant contends that the ALJ's decision contains a finding of disability which is inconsistent with the remainder of the decision.  Applying Rule 202.21 of the grids, the ALJ stated that the rule "direct[s] a conclusion of disabled."  *Id.* at 22-23.  Rule 202.21, however, directs a conclusion of *not* disabled.  20 C.F.R. pt. 404, Subpt. P, App. 2, table No. 2, rule 202.21.  It is obvious from the text of this rule and from the ALJ's decision as a whole that the omission of the word "not" in the ALJ's finding represents a typographical error, rather than a fatal ambiguity in the decision.  Appellant's argument is frivolous.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[1]  Appellant does not argue that the medical record has not been adequately developed concerning the frequency of her need for restroom breaks, or that there is insufficient evidence to support a finding at step five concerning this issue.