F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONALD WOODS,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant-Appellee.

No. 04-3268
(D.C. No. 03-CV-2592-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **HENRY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff-appellant Ronald Woods appeals pro se from an order of the

district court affirming the Commissioner's decision denying his application for

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Supplemental Security Income benefits (SSI).  Appellant filed for these benefits on July 1, 1999, with an alleged disability onset date of July 1999, later amended to May 5, 1998.  He alleged disability based on depression, hepatitis, memory problems, fainting spells, difficulties with breathing and walking, hypertension, and liver problems.  The agency denied his applications initially and on reconsideration.

On March 16, 2000, appellant received a de novo hearing before an administrative law judge (ALJ).  In a decision dated March 31, 2000, the ALJ determined that appellant's degenerative disc disease in the cervical spine and his hepatitis were severe impairments, but that "[a]bsent substance abuse, [appellant] does not have a severe mental impairment."  Admin. R. at 26.  He further determined that appellant's impairments did not meet or equal a listed impairment, and that appellant had no past relevant work.  Applying the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.13 (the grids) as a framework, the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act.

Appellant requested review from the Appeals Council, stating that "I feel the decision was wrong because these demons are tying to take over my body."  Admin. R. at 7.  The Appeals Council denied review, but upon motion by the United States Attorney, the district court remanded the case to the Appeals

Council, which in turn remanded to the ALJ. The Appeals Council directed the ALJ to order neuropsychological examination and testing for organic mental problems, to evaluate the severity of appellant's mental impairment at step two of the sequential evaluation, reevaluating all the mental status findings in the record, and to reevaluate appellant's substance abuse in accordance with 20 C.F.R. § 416.935. The ALJ was further directed to obtain vocational expert testimony concerning the effect of appellant's mental impairments on his ability to work.

The ALJ held a second hearing on August 8, 2003, at which a clinical psychologist and a vocational expert testified. Appellant arrived at the hearing with a red cross painted on his forehead in fingernail polish. He explained that the cross was there "[t]o keep demons away from me." Admin. R. at 441. Appellant also stated that he kept a bag of table salt with him at all times to keep the demons away. *Id.* at 443. The clinical psychologist, who had reviewed the medical records pertinent to appellant's mental status, testified that he was "not sure" whether appellant had a diagnosable mental or emotional impairment. *Id.* at 454. He noted gross inconsistencies in the record concerning appellant's mental state, difficulties with memory, and alcohol use. *Id.* at 454-56. He stated there were also indications of malingering. *Id.* at 454, 456. The vocational expert testified that if appellant were limited to jobs with simple instructions, he could

still perform some jobs, but if he had a marked inability to complete a normal work-week, this would eliminate his ability to work in the national economy.

On November 18, 2003, the ALJ issued a second decision in the case. He found that appellant's hepatitis C, affective disorder or other psychosis and history of alcohol and/or substance abuse, were singularly or jointly "severe," but that appellant did not meet or equal any listed impairment. Because the claimant was not disabled, considering all his impairments, it was unnecessary to determine whether alcohol or drug addiction was a contributing material factor to his disability. The ALJ concluded that appellant retained the RFC to perform a wide range of light exertional level work, diminished by his inability to stand for more than six hours in an eight hour day, his inability to sit for more than six hours in an eight hour day, and a limitation on frequent stooping and crouching. Appellant should not climb on ropes, ladders or scaffolds or be in an environment with dangerous machinery. He was slightly limited in his ability to carry out detailed instructions and to make judgments on simple work-related decisions, and moderately limited in his ability to interact with the public. Hence, he would be limited to work that was non-complex with the ability to recall no more than four to five step instructions. Applying Rule 202.13 and Rule 202.20 of the grids as a framework, and relying on VE testimony, the ALJ concluded that appellant was not disabled. The district court affirmed the Commissioner's decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *Id.* at 751 & n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education and work experience. *Id.* at 751.

On appeal, appellant raises a single issue: "Appellant['s] mental impairment had more than a minimal effect on his ability to work." Aplt. Br. at 3. He presents no substantive argument on this issue, but refers us to his district court brief. Construing his pro se argument broadly, we believe appellant intends to challenge whether substantial evidence supports the ALJ's step five finding

that he can perform work in the national economy, notwithstanding his mental impairments. We conclude that the ALJ's finding is supported by substantial evidence, and we therefore affirm.

As noted, appellant testified concerning "demons" that troubled him. He also wrote a letter to the ALJ after the first hearing stating that he had been fighting demons, and that the demons had been present and threatening him during the hearing. The ALJ did not find appellant's testimony entirely credible, due to his inconsistent and exaggerated report of symptoms; opinions by physicians that he appeared to be malingering; and lack of support for subjective symptoms to the extent alleged in the objective medical evidence.

Dr. Moeller, a psychologist, examined appellant in July 1999 and stated that he seemed distracted and acted bizarrely. Appellant achieved extremely low results on various tests of mental functioning that Dr. Moeller conducted. Dr. Moeller speculated that appellant suffered from continued alcohol abuse and could be suffering from alcohol-related dementia or an atypical psychotic disorder.

When Dr. Moeller re-examined appellant in February 2003, however, appellant's concentration and attention were adequate. On that occasion, appellant denied previous or current visualization of devils or demons. Appellant's scores on the MMPI test reflected an invalid profile, but other tests

reflected a much higher level of organization than one would expect from appellant's bizarre presentation and statements. Dr. Moeller believed that appellant suffered from a short-term memory impairment, but he could not rule out malingering. He completed a statement concerning appellant's mental ability to do work-related activities, in which he found "slight" impairments in appellant's ability to understand and remember detailed instructions, to carry out detailed instructions, and to make judgments on simple, work-related decisions, and "moderate" restrictions on his ability to interact with the public. Admin R. at 358.

Appellant was seen between November 1999 and February 2000 by ComCare of Sedgwick County. Dr. Gaynor diagnosed him with an adjustment disorder with mixed anxiety and depressed mood. He assigned him a GAF score of 60, and stated that his prognosis was "[f]air, with treatment." *Id.* at 230.

In November 2002, Kerin Schell, Ph.D., diagnosed appellant with a major depressive disorder, single episode, severe with psychotic features. She assigned appellant a GAF score of 35. She noted he was "medication compliant," *id.* at 417, but there is no evidence in the record concerning appellant's use of any psychotropic medications.

At the August 20, 2003, hearing, the psychological consultant, Dr. Hutchinson, reviewed all the evidence in the record and found major

inconsistencies. For example, only Dr. Moeller indicated an alcohol-related diagnosis. ComCare diagnosed him with depression but did not find that he had any hallucinations or delusions. Appellant's emergency room visits for other reasons did not indicate an abnormal mental status. In an April 2002 neurological examination for headaches, appellant scored twenty-eight out of thirty points on a mental status exam, a score Dr. Hutchinson described as "excellent." *Id.* at 455. Dr. Hutchinson described appellant's memory difficulties as "moderate at the most," *id.* at 458, stated that there was no indication that he was not performing his activities of daily living, *id.* at 459, and noted no particular evidence in the medical records that he had specific difficulties in socializing with others, *id.* at 460. Dr. Hutchinson stated that appellant's memory difficulties should not prevent him from performing routine work, and that appellant did not appear to suffer from any other mental impairments that would affect his ability to work. *Id.* at 460-61.

In August 1999, an agency physician completed a PRT form in which he opined that appellant met Listing 12.09, for "substance addiction disorders," based on psychosis. *Id.* at 206, 208, 212. He opined that appellant had "marked" difficulties in maintaining social functioning, and "frequent" deficiencies of concentration, persistence and pace. *Id.* at 213. The ALJ specifically rejected this non-treating opinion, on the basis of evidence developed since the agency

physician had rendered his opinion on the PRT form. In particular, the agency physician did not have the benefit of Dr. Hutchinson's opinions concerning the effect of appellant's mental impairments.

Having reviewed the record and all the evidence concerning appellant's mental impairments, we conclude that the ALJ's decision concerning the seriousness of the mental impairments, and the restrictions necessitated by them, is supported by substantial evidence. *See generally* 20 C.F.R. § 416.920a (describing agency procedures for evaluating mental impairments and their effect on claimant's ability to work). All of the medical opinions concerning appellant's mental RFC, with the exception of an early PRT form by a non-examining agency physician that the ALJ adequately distinguished, are basically consistent with the ALJ's specific findings concerning appellant's mental RFC. No treating or examining physician supplied a reasoned opinion that appellant could not work because of mental impairments.

The judgment of the district court is therefore AFFIRMED.[1]


Entered for the Court


Deanell Reece Tacha
Chief Judge

---

[1]     Appellant attaches new evidence not presented to the ALJ or the district court to his reply brief.  We cannot consider this new evidence.     *See, e.g., Boone v. Carlsbad Bancorp, Inc.*   , 972 F.2d 1545, 1549 n.1 (10th Cir. 1992).