**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KAREN I. BAUGH,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-5128
(D.C. No. 97-CV-335-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

Plaintiff-appellant Karen I. Baugh appeals from an order of the district

court affirming the Commissioner's decision denying her application for

Supplemental Security Income benefits (SSI).[1]  Appellant filed for these benefits

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

in September 1993.  She alleged disability based on a back injury.  The agency denied her applications initially and on reconsideration.

On July 20, 1994, appellant received a de novo hearing before an administrative law judge (ALJ).  The ALJ denied her application for benefits, and she requested review by the Appeals Council.  Unfortunately, the hearing tape of the July 1994 hearing was certified as lost.  The Appeals Council remanded the case to the ALJ to conduct a second de novo hearing and to issue a new decision.

The ALJ conducted a de novo hearing on February 10, 1996.  At the hearing, appellant complained of severe pain in her back and left knee.  The ALJ determined that appellant retained the residual functional capacity (RFC) to perform the full range of light work.  He found that she had no past relevant work to which she could return, but that there were a significant number of other jobs which she could perform in the national or regional economy.  Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rule 202.20 (the grids) the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act.  The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  See Andrade v. Secretary of Health &

Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

Appellant contends that the ALJ's findings concerning her disability for the period after May 1994 are unsupported by substantial evidence. She argues that the record contains no medical records after May 1994 and the ALJ should have filled this gap by ordering a consultative medical examination.

Appellant was represented by counsel at the second hearing. When a claimant is represented by counsel, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case." Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997). Counsel is responsible for identifying issues requiring further development. See id. Appellant's counsel did not indicate at the second hearing that appellant's medical condition subsequent to May 1994 required further factual development.[2] Because of this omission, the ALJ only had a duty to order a consultative examination if the need for an examination was clearly established in the record. See id. at 1168.

---

[2]    Appellant's counsel brought out the fact that appellant had not seen a doctor for nearly two years and that she had been trying to find a doctor but could not afford medical care. She did not indicate that the record was incomplete, however, or request further development of the record.

-3-

The record does not clearly establish the need for a consultative examination. Appellant does not challenge the sufficiency of the medical evidence concerning the period prior to May 1994. Unless there was evidence of a deterioration in appellant's medical condition after May 1994, a consultative examination would have served no useful purpose. Cf. 20 C.F.R. § 416.919a(b)(5) (stating that ALJ should order consultative examination where "[t]here is an indication of a change in your condition that is likely to affect your ability to work").

The ALJ developed the record at the second hearing by questioning appellant about the effect of her impairments as of the hearing date. Appellant's testimony at the second hearing was basically consistent with the testimony she gave at the first hearing in July 1994.[3] The ALJ did not find her testimony at either hearing credible. At the time of each hearing, he had sufficient medical evidence before him to rule on her claim. Appellant fails to show that a consultative examination would have made any difference to the disability decision. See Hawkins, 113 F.3d at 1169 ("the ALJ should order a consultative examination when . . . the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability.").

---

[3]     We do not, of course, have this testimony available to us as it was on the tape that was lost. It is, however, summarized in the ALJ's first decision which is part of the administrative record.

The record is adequately developed to support the ALJ's decision and he did not err by failing to order a consultative examination.

In her next issue, appellant argues that the ALJ applied incorrect legal standards by failing to shift the burden to the Commissioner until after making his final RFC determination. The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. See id. at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education and work experience. See id.

The ALJ stated:

[W]hen a claimant establishes that he cannot perform his past relevant work because of his impairments or because he has no past relevant work, the burden shifts to the Commissioner of Social Security (the Commissioner) to show that the claimant can perform a significant number of other jobs existing in the regional or national economy which are consistent with his medically determinable impairments, functional limitations, age and work experience. The Commissioner has met this burden through the testimony of the Qualified vocational expert and the application of [the grids].

Appellant's App. Vol. II at 18.

Although the ALJ could have been more specific about the Commissioner's burden of establishing appellant's RFC, we discern no reversible error here. Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge