F I L E D
United States Court of Appeals
Tenth Circuit

AUG 26 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAY A. LARGE,

  Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

  Defendant-Appellant.

No. 98-5174
(D.C. No. 97-CV-325-J)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Ray A. Large appeals from an order of the district court affirming the Commissioner's decision denying his application for Social Security disability and Supplemental Security Income benefits (SSI). Appellant filed for these benefits in July 1994. He alleged disability based on back problems, shortness of breath, emphysema, chest pain, and depression. The agency denied his applications initially and on reconsideration.

On October 5, 1995, appellant received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that appellant retained the residual functional capacity (RFC) to perform light work, subject to his dizziness and his need to change position during the work day. He found at step four[1] that appellant could not go back to his past relevant work. He further determined at step five, however, that there were a significant number of other jobs which appellant could perform in the national or regional economy. The ALJ concluded that appellant was not disabled within the meaning of the Social Security Act.

---

[1] The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. See id. at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given his age, education and work experience. See id. at 751.

The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

In his first issue, appellant contends that the ALJ failed to evaluate properly the evidence of his physical impairments and to consider the vocational impact of the impairments at step five of the sequential evaluation. Specifically, appellant argues that the ALJ did not properly analyze his complaint of disabling back pain and ignored the opinions of his treating physicians that he is disabled.

Our cases establish a three-step inquiry concerning a claimant's allegation of disabling pain. A claimant who alleges disability from a pain-producing impairment must first demonstrate the existence of that impairment by objective medical evidence. See Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). Once he has done so, the ALJ must then determine whether a loose nexus exists between the proven impairment and the claimant's subjective complaint. See id.

at 163-64.  If these two criteria are met, the ALJ must then review all of the evidence, including the claimant's subjective account of the severity of his pain, to determine whether the pain is disabling.  See id.

The ALJ analyzed appellant's complaint of disabling back pain as follows:

> The medical evidence shows that the claimant has undergone a prior surgery on his lumbar spine.  The claimant's treating neurosurgeon finds, based on sophisticated medical tests, that the claimant does not have any impingement from a bulging or herniated disk in his lumbar spine. . . . The claimant has normal findings with respect to his back and legs with normal ranges of motion.

Appellant's App., Vol. II at 21.

It is not clear at which step of the Luna test the ALJ rejected appellant's claim of disabling back pain.  He must have found that appellant satisfied the first step of the analysis, however.  The ALJ specifically stated that appellant's back pain limited him to performing light work.  See id. at 22.  For the same reason, appellant also satisfies the second step, because his impairment can "reasonably [be] expected to produce some pain."  See Luna, 834 F.2d at 164.  This takes us to the third step, at which the ALJ must consider both objective indications and the claimant's subjective accounts of the severity of his pain.

We begin with the objective medical evidence.  Appellant underwent back surgery after injuring himself in 1986.  On November 28, 1994, he obtained an MRI of his lumbar spine.  The radiologist, Dr. Truong, interpreted the MRI as follows:

1. L3-4: Right paracentral disk herniation causing spinal stenosis.
2. L4-5: Diffuse disk bulge.
3. L5-S1: Central disk bulge with possible right paracentral disk herniation extending to the right lateral recess with possible impingement of the right S1 nerve root.

Appellant's App., Vol. II at 281.

In a letter dated December 20, 1994, Dr. Benner, a neurosurgeon, stated that appellant "had an MRI scan performed which did show a right central disk bulge, although [I] don't feel it is causing his spinal stenosis." See id. at 278. It should be noted that Dr. Benner did not reject the diagnosis of spinal stenosis; he merely stated that it was not caused by the right central disk bulge. Dr. Benner did not specifically disagree with the radiologist's conclusion that a central disk bulge at L5-S1 could be impinging on the right S1 nerve root. The ALJ's conclusion that "claimant does not have any impingement from a bulging or herniated disk in his lumbar spine," see id. at 21, inappropriately overstates Dr. Benner's conclusions.

Dr. Benner also noted that appellant had moderate, diffuse degenerative changes at the L4-5 level, "focal right paracentral abnormality" and distortion of the nerve root. See id. at 278. He recommended an epidural steroid injection, a conservative treatment he suggested in light of appellant's problems with diabetes. He had earlier advised appellant, however, that the steroid injection was only one approach and that surgery was also an option. See id. at 279.

In discrediting appellant's subjective complaints of pain, the ALJ relied heavily on a consulting physician's observation that appellant had no reduced range of motion in his lumbar region. He ignored the MRI results and Dr. Benner's recommendations, and misread Dr. Benner's statements about appellant's condition. Even if the ALJ reached permissible conclusions from the objective medical evidence, his analysis was still improper because he failed to evaluate properly the subjective factors relating to appellant's pain.

An ALJ must determine whether a claimant's subjective claims of pain, though greater than that usually associated with his impairment, are credible. See Luna, 834 F.2d at 165. In making this determination, he should consider such factors as

> a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor . . . the possibility that psychological disorders combine with physical problems . . . the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.

Id. at 165-66.

It is not sufficient for the ALJ simply to list these factors and to state that he has considered them. He is required to "explain why the specific evidence relevant to each factor led him to conclude [the] claimant's subjective complaints were not credible." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Here, the ALJ failed to analyze subjective factors relating to appellant's claim of back

-6-

pain under the applicable standards. We must therefore reverse and remand this case for further proceedings.

On remand, in addition to reconsidering his pain analysis, the ALJ should either accord substantial weight to the opinions of appellant's treating physicians, Drs. Economides and Kunkel, that he is totally disabled, or give specific, legitimate reasons for disregarding their opinions. See Goatcher v. United States Dep't. of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995). If reconsideration of his pain analysis or these physicians' opinions requires him to revisit his RFC determination, the ALJ should give specific consideration to Dr. Economides' RFC evaluation, submitted to the Appeals Council, which indicates that appellant is incapable of performing any substantial gainful activity.

In his second issue, appellant argues that the ALJ's hypothetical questions to the VE did not accurately reflect his impairments. He argues that the hypotheticals were deficient because they did not take into account his treating physicians' opinions of disability and Dr. Economides' RFC evaluation. In light of the proceedings we order on remand, we need not consider this issue further except to state that if the ALJ modifies his RFC evaluation on remand after reconsidering the doctors' opinions, the RFC evaluation, or his pain evaluation,

he should of course also obtain further testimony from a vocational expert to meet the Commissioner's burden at step five of the sequential analysis.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and REMANDED with instructions to REMAND to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


Monroe G. McKay
Circuit Judge