**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CAROL A. RUTHERFORD,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5190
(D.C. No. 97-CV-528-J)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Carol Rutherford appeals from an order of the district court affirming the Commissioner's decision denying her application for Social Security disability benefits. Appellant filed for these benefits in July 1994. She alleged disability based on arthritis, bursitis, degenerative bone disease, and depression. The agency denied her application initially and on reconsideration.

On December 4, 1995, appellant received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that appellant retained the residual functional capacity (RFC) to perform light work, restricted by her limited ability to read, write and use numbers, and her need to change positions periodically during the work day. He found that she could not return to her past relevant work, but that there were a significant number of other jobs which she could perform in the national or regional economy. The ALJ concluded that appellant was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. See id. at 751 and n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education and work experience. See id. at 751.

Appellant raises two issues in this appeal. First, she argues that the ALJ failed to evaluate properly the evidence of her physical impairments and to consider the vocational impact of those impairments at step five of the sequential evaluation. Second, she argues that the ALJ failed to show that she could perform a significant number of jobs at step five because the hypothetical question posed to the vocational expert (VE) did not accurately reflect her impairments.

1. **Evaluation of physical impairments at step five**

Appellant argues that the ALJ's finding that she can perform light work on a sustained basis is not supported by substantial evidence. She claims the ALJ

made his step five finding of disability on what appears to be an absence of evidence. We agree. Although the x-ray evidence and a letter from her treating physician, Dr. Heuttner, clearly show that appellant has a severe impairment (arthritis of the cervical spine), there is no medical evidence at all concerning how this impairment affects appellant's ability to work. In particular, it is unclear from the medical evidence how her back problems affect appellant's ability to sit, stand, walk, bend, or carry objects.

Appellant testified at the hearing that she can lift her purse, which weighs thirteen pounds, and walk a short distance, but that she could not stand long enough to do light work or sit long enough to do sedentary work. The ALJ concluded, without support from the medical evidence, that appellant could do light work, which requires standing or walking for up to six hours out of an eight hour day and the occasional ability to lift twenty pounds.

At step five, it is the agency's burden to show through medical evidence that the claimant can work at a level lower than her past relevant work. See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). Where the ALJ has no evidence upon which to make a finding as to the appellant's RFC, he should exercise his discretionary power to order a consultative examination of the appellant. See id.

The ALJ was fully aware that the record was undeveloped. At the hearing, he complained that the record contained reports from doctors "who have indicated several things. They haven't really – none of them have – their reports are not very explicit. . . . No one has actually taken the time to put down what the problems this lady is having . . . and sort of just give me an understanding of what problems and perhaps even limitations she might be having." Appellant's App., Vol. II at 60 (emphasis added). The ALJ expressed concern that the medical records showed "a lot of loose ends," and that he "just [didn't] know the extent of the problems." Id. at 62. He stated that if he could not obtain a supplemental report from appellant's treating physician, Dr. Hess, that he would probably order some consultative examinations. At the end of the hearing, the ALJ affirmatively stated that if Dr. Hess did not cooperate, "then we'll just use a consultative examination." Id. at 77.

There is no updated statement from Dr. Hess in the record.[2] Nor is there any record of any consultative examination. We therefore find it appropriate to reverse and remand to allow the ALJ to obtain sufficient medical evidence from which he can determine appellant's RFC in a manner which is supported by substantial evidence.

_____

[2]     In his letter to the Appeals Council, appellant's attorney represented that Dr. Hess had refused to fill out the appropriate paperwork because he did not "make those types of reports." Appellant's App., Vol. II at 268.

Alternatively, appellant argues that the record is sufficiently developed to make an RFC determination, but not the one the ALJ made. She asserts that the findings of her treating physician, Dr. Huettner, demonstrate that she cannot do light work. She argues that the ALJ should have given controlling weight to Dr. Heuttner's findings and found her disabled.

Dr. Heuttner did not express an opinion that appellant was disabled or that she was limited to certain types of work. He simply reported his findings concerning her back pain. In a brief letter submitted after the hearing and made part of the administrative record, Dr. Heuttner stated that appellant had degenerative joint disease and degenerative cervical disk disease. He noted that on her office visit with him on December 8, 1995, she had "considerable tenderness and limitation of motion in the cervical and lumbar spine." Id. at 264. Dr. Heuttner further noted that she complained of pain in other joints, including her knees, feet and shoulders, but that her range of motion in those joints was well maintained.

The Commissioner gives controlling weight to the opinion of a treating physician concerning the nature and severity of a claimant's impairment, if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other record evidence. See 20 C.F.R. § 404.1527(d)(2); Castellano v. Secretary of Health & Human Servs.,

26 F.3d 1027, 1029 (10th Cir. 1994). In this case, however, the Commissioner did not find Dr. Heuttner's findings consistent with the other medical evidence; instead, he found them partially contradicted by the x-ray evidence, which showed only evidence of arthritis in appellant's cervical spine.

Even if the x-rays and Dr. Heuttner's findings are considered together, they do not supply an adequate medical basis for making an RFC determination. This does not mean that appellant did not meet her burden of providing medical evidence of disability, however. Appellant satisfied her burden to ensure that the record contains sufficient evidence to suggest a reasonable possibility that her impairment was severe, thus triggering the ALJ's duty to order a consultative examination if necessary or helpful to resolve the issue of impairment. See Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997). Remand is the appropriate course.

Appellant next contends that the ALJ failed to closely and affirmatively link his findings concerning her pain to substantial evidence, see Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995), and that he failed to consider factors relevant to the credibility of her pain testimony which were supported by the record. Appellant fails to disclose what factors she contends the ALJ should have, but did not consider. A review of the ALJ's decision shows that he adequately considered the factors relating to the pain analysis and that his

analysis is consistent with his other findings. The pain analysis may be affected on remand, however, by the further evidence which we require the ALJ to obtain.[3]

### 2. **Hypothetical question posed to vocational expert**

Appellant contends that the ALJ's hypothetical question posed to the vocational expert did not include all of her limitations and that the expert's testimony therefore did not provide substantial evidence for the ALJ's decision. The ALJ's hypothetical was generally consistent with the impairments which he accepted, but it suffers from the same lack of evidence which tainted his decision concerning her RFC. In the event that the additional evidence which we require the ALJ to obtain on remand results in a change in his RFC determination, the ALJ should also obtain further testimony from a vocational expert which accurately reflects appellant's limitations.

### 3. **Disposition**

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED with instructions to

---

[3]    Appellant also urges that the ALJ improperly shifted the burden of proof on the existence of alternative jobs. Appellant failed to raise this argument in the district court. Accordingly, we do not consider it on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

remand the case to the Commissioner for further proceedings in accordance with this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge