**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONAL R. MULLENS,

       Plaintiff-Appellant,

  v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 04-7132
(D.C. No. 03-CV-677-WH)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **McKAY** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Donal Mullens appeals from an order of the district court affirming the Commissioner's decision denying his application for Social Security disability benefits. Mr. Mullens applied for these benefits on July 26, 2002, alleging disability since December 27, 1999, based on disorders of the back and myoneural disorders. The agency denied his applications initially and on reconsideration.

On April 2, 2003, Mr. Mullens received a de novo hearing before an administrative law judge (ALJ). The ALJ found that Mr. Mullens's impairments were severe but did not meet the criteria of any of the impairments listed in 20 C.F.R., Pt. 400, Subpt. P, App. 1. The ALJ determined that Mr. Mullens could not return to his past relevant work as a machine tender, forklift operator, and warehouse worker, types of work classified as unskilled to semi-skilled and light to medium work, but that he retained the residual functional capacity (RFC) to perform sedentary work "with no bending forward from the waist and no extension of the neck." Aplt. App. at 16. The ALJ also found that while direct application of the sedentary work portion of the Medical-Vocational Guidelines, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, rule 201.21 (the grids), would direct a finding of not disabled, direct application was not allowed because Mr. Mullens could not "do the full range of sedentary work," due to the non-exertional restrictions on stooping and extending his neck. Aplt. App. at 17. The ALJ

stated that he was therefore using the grids "as a framework for decision making with vocational expert opinion on the issue of the existence of jobs for which a hypothetical individual such as the claimant can perform." *Id.*

At the hearing, the ALJ had presented a vocational expert (VE) with Mr. Mullens's exact limitations and asked if there were unskilled jobs in the national economy that could be performed within the limits of Mr. Mullens's RFC. The VE testified that there were such jobs and presented three examples, one in the light exertion classification–cashier II–and two in the sedentary exertion classification–surveillance system monitor and food and beverage order clerk. The VE also testified that a significant number these jobs existed both in Oklahoma and nationally, and confirmed on cross-examination that "[s]tooping [was] absolutely not required at all in those two jobs." *Id.* at 245. No evidence was presented to dispute this opinion. The ALJ "[found] this expert opinion persuasive in showing that jobs exist in significant numbers in the national economy which the claimant can do," *id.* at 17, and held that Mr. Mullens was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

Mr. Mullens filed his complaint with the district court, arguing that Social Security Ruling 96-9p directed that his inability to stoop precluded all jobs in the national economy. During his hearing in front of the ALJ, Mr. Mullens's attorney

had argued that SSR *96-6p* directed that the inability to stoop precluded all jobs in the national economy. The ALJ stated in his ruling that he had examined SSR 96-6p and was convinced that it did not require a finding of disabled. Before the district court, Mr. Mullens argued that his attorney had erred and that it was actually SSR *96-9p* that stated that the inability to stoop precluded all jobs in the national economy and that the ALJ was responsible for knowing and applying all of the social security rulings.

The magistrate judge found that neither circuit case law nor SSR 96-9p require a decision of disabled where a claimant is unable to stoop and that, instead, the proper course of action is to consult a VE and consider the claimant's individual limitations. The magistrate judge found that this was the procedure followed by the ALJ, ruled that the decision of the Commissioner was supported by the substantial evidence of the VE's testimony, and recommended to the district court that the Commissioner's ruling be affirmed.

Mr. Mullens filed an objection to the magistrate judge's findings and recommendation, arguing that the magistrate judge did not "adequately consider [Mr. Mullens's] argument that the [ALJ] erred by failing to apply Social Security Ruling 96-9p." Aplt. App. at 271. The basis for his complaint was a continued insistence that SSR 96-9p "requires that an individual limited to unskilled sedentary work with the added restriction prohibiting stooping be found disabled"

-4-

and because Mr. Mullens falls within this category he "should have been found disabled." *Id.* The district court, in a concise order, overruled Mr. Mullens's objection, adopted the findings and recommendation of the magistrate judge, and affirmed the Commissioner's ruling. Mr. Mullens appeals this decision.

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given his age, education and work experience. *See id.* at 751. Here the ALJ found that the Commissioner met her burden of proof at step five. We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

On appeal, Mr. Mullens again asserts that in light of SSR 96-9p, the ALJ finding that Mr. Mullens was not disabled is not supported by substantial evidence in the record.[1] We disagree . As discussed by the district court, under SSR 96-9p, even where an individual's exertional capacities, considered alone, would indicate that the individual was not disabled because he could perform a full range of sedentary work, if "the individual also has a nonexertional limitation(s) [such as the inability to stoop] that narrows the potential range of sedentary work to which he or she might be able to adjust" then "the [grids] must be used as a framework for considering the extent of any erosion of the sedentary occupational base." SSR 96-9p, 1996 WL 374185 at *4.

The ruling states, "[t]here may be a number of occupations from the approximately 200 occupations administratively noticed, and jobs that exist in significant numbers, that an individual may still be able to perform even with a

[1]    Mr. Mullens also asserts that the ALJ based his decision directly on the grids, despite the fact that the ALJ claimed to be only using them as a framework, because the ALJ did not make sufficient findings to have based his decision on anything but the grids.    First, it seems clear that the ALJ agreed with the VE's assessment of what jobs Mr. Mullens could perform and based his decision on that testimony and not on a reflexive application of the grids. Second, to the extent that Mr. Mullens's argument on appeal attempts to directly challenge the form or sufficiency of the ALJ's findings, it presents issues not presented to the district court and such issues will not be considered. *Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996) (holding that failure to present issues to the magistrate judge or to include issues in objection to magistrate judge's recommendation may result in waiver).

sedentary occupational base that has been erroded." *Id.* While the ruling states that "a complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled *would usually apply*," *id.* at *8 (emphasis added), it also directs that "[c]onsultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping." *Id.* "The vocational resource may be asked to provide any or all of the following: An analysis of the impact of the RFC upon the full range of sedentary work, . . . [and] examples of occupations the individual may be able to perform . . . ." *Id.* at *9. The VE testified that jobs existed in Oklahoma and nationally that Mr. Mullens could perform with his specific limitations, gave examples of those jobs, and testified as to the numbers of the example jobs that existed. Mr. Mullens presented no evidence disputing the VE's testimony and makes no argument that the jobs presented by the VE do not exist in significant numbers.

In light of the VE's testimony regarding the availability of sedentary jobs that require no stooping, we hold that the Commissioner's factual findings are supported by substantial evidence in the record and the correct legal standards were applied. The decision of the Commissioner is affirmed.

Entered for the Court

-7-

Paul J. Kelly, Jr.
Circuit Judge