FILED
United States Court of Appeals
Tenth Circuit

May 19, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SHARRI STAPLES,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant-Appellee.

No. 08-6225
(D.C. No. 5:07-CV-01169-RO)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

Plaintiff-appellant Sharri Staples appeals from an order of the district court

affirming the Commissioner's decision denying her application for Social Security

disability and Supplemental Security Income benefits (SSI). Ms. Staples filed for

these benefits on January 27, 2006. She alleged disability based on back and leg

problems. The agency denied her applications initially and on reconsideration.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On April 19, 2007, Ms. Staples received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that she retained the residual functional capacity (RFC) to perform light work, with occasional climbing, balancing, stooping, kneeling, crouching, and crawling. He found that she could not return to her past relevant work, but that there were a significant number of other jobs that she could perform in the national or regional economy, thus making her not disabled. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains a

sufficient RFC to perform work in the national economy, given her age, education and work experience. *See id.* at 751.

On appeal, Ms. Staples raises a single, narrow issue. She contends that the ALJ erred by failing to consider and incorporate her use of a cane into his determination of her RFC.

At the ALJ hearing, Ms. Staples testified that she used a cane to walk. She stated that she always used the cane, both around the house and when she left the house. She said her doctor told her to use the cane after she stopped using a walker because she was having trouble with her balance and with pain in her leg. The ALJ then examined her further about her use of the cane, leading to the following exchange:

Q. I'm not sure I understood. Did you say your doctor prescribed your cane?

A. He told me I can get a cane and use it.

Q. No, I'm asking if he prescribed it.

A. Prescribed it?

WITNESS: Yes, he did.

CLAIMANT: Did he? I can't--

ALJ: Excuse me.

CLAIMANT: -- [INAUDIBLE]

ALJ: Excuse me. You've been back there nodding your head and --

WITNESS:  I'm so sorry.

ALJ:  --and, and you are not a witness and you're not to testify unless you're called as a witness, okay?

WITNESS:  I'm sorry.

BY THE ADMINISTRATIVE LAW JUDGE:

Q.  Go ahead.

A.  Yes, I guess he did.  I just forgot.  I've had so much going on.

Aplt. App., Vol. II at 263-64.

Ms. Staples' prompted testimony on this point was in fact inconsistent with a "Function Report --Adult" report she had earlier submitted to the agency dated January 30, 2006.  In that report, she indicated that she used a cane and eyeglasses but that only the glasses were prescribed by a doctor.  *See id.* at 80.

After Ms. Staples finished testifying, the ALJ posed a hypothetical question to a vocational expert (VE) concerning Ms. Staples' ability to perform work in the national and local economy.  He asked the VE to assume that she had

> the physical capacity to perform light work that such a person could stand and/or walk about six of eight hours in a workday, could sit about six of eight, push/pull activities would be unlimited, that such a person could occasionally climb ramps, stairs, ladders, ropes, scaffolds, balance, stoop, kneel, crouch, and crawl and that no other physical or exertional limitations are established.

*Id.* at 268.

The VE responded that she could perform the light, semi-skilled jobs of hotel clerk or file clerk, or the sedentary, semi-skilled job of receptionist.  On the

other hand, if the limitations described in Ms. Staples' testimony were accepted, they would preclude all competitive work.

In his decision, the ALJ assigned Ms. Staples the same RFC as that described in his hypothetical question to the VE. He also accepted the VE's description of the jobs she could perform. As to her use of a cane, he made the following observation: "The claimant testified she walks with a cane, but after a thorough review of the medical evidence a prescription for the cane was not found." *Id.* at 18.

Ms. Staples contends that this observation did not justify rejection of her medical need for the cane. She cites Social Security Ruling 96-9p, which provides in pertinent part as follows:

> **Medically required hand-held assistive device:** To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

1996 WL 374185, at *7.[1]

---

[1] SSR 96-9p is entitled "Policy Interpretation Ruling Titles II and XVI: Determining Capability To Do Other Work--Implications of a Residual Functional
(continued...)

The standard described in SSR 96-9p does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of her RFC. Instead, she only needs to present medical documentation establishing the need for the device. The ALJ therefore erred in relying on Ms. Staples' lack of a prescription for a cane.

We must next ask whether this error requires a remand to the Commissioner for application of the proper standard. When the ALJ has erred but "based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way" a reviewing court may "supply a missing dispositive finding under the rubric of harmless error." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Application of that standard here requires us to ask whether there is any medical documentation establishing the need for a hand-held assistive device to aid in walking or standing.

Having carefully reviewed the administrative record, we determine that the answer here is "no." The only reference we have located to a cane in the medical evidence is Dr. Pelofsky's statement on December 27, 2006 that Ms. Staples "still

[1](...continued)
Capacity *for Less Than a Full Range of Sedentary Work*." (emphasis added). The ALJ found that Ms. Staples can do light work, not just sedentary work. The parties agree, however, that the ruling's standard for evaluation of a medically required hand-held assistive device applies to Ms. Staples' use of a cane.

uses a cane to walk." Aplt. App., Vol. II at 231. The record also indicates that Dr. Wienecke's office would obtain a temporary handicap placard for her. *Id.* at 197. But no indication is made of the medical necessity for the use of a cane.

We do not gainsay the references in the medical record to Ms. Staples' ongoing health problems. We acknowledge, for example, Dr. Wienecke's opinion that her left leg pain may be due to permanent nerve damage. *Id.* But SSR 96-9p requires more than generalized evidence of a condition that might require use of a cane. It requires "medical documentation *establishing the need* for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." 1996 WL 374185, at *7 (emphasis added). Such evidence is entirely absent here.

Ms. Staples contends, briefly, that the ALJ should have developed the record further by contacting her treating physician to find out whether her use of a cane was in fact medically required. Aplt. Opening Br. at 15. But this argument has been waived. She did not make the argument in the district court until her reply brief, and the district court therefore expressly declined to consider it. *See* Aplt. App., Vol. I at 34, n.8. We do not generally consider arguments waived in district court. *See generally Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).[2]

---

[2]  The circumstances do not compel us to reach the issue despite this district

(continued...)

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2](...continued)
court waiver. The issue was also bypassed before the ALJ. Ms. Staples was represented by counsel at the hearing, and he specifically consented to closing of the record and made no request that her physician be further contacted concerning the need for a cane. *See Cowan v. Astrue*, 552 F.3d 1182, 1188 (10th Cir. 2008) (stating that where claimant is represented by counsel, ALJ can ordinarily rely on counsel to identify issues requiring further development). In addition, while Ms. Staples initially stated at the hearing that her doctor told her to use the cane, she later explained that her doctor said she *could* use a cane, not that she *needed* to use one. Aplt. App., Vol. II at 260, 263. Though she stated with some prompting at the hearing that a cane had been prescribed for her, this statement was contradicted by her earlier function report that the cane had not been prescribed. Any indication that the issue required further development was therefore ambiguous at best.